IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAMUEL NORRIS.
    Petitioner,

vs.                                                    Case No.: 5:11cv84/RH/EMT

PAIGE AUGUSTINE,
    Respondent

## REPORT AND RECOMMENDATION

This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and brief in support (docs. 1, 2), and the Government's response thereto (doc. 9). Petitioner filed a motion for extension of time to file a reply, and the motion was granted (docs. 12, 13), but he never filed a reply.

### Background

Petitioner is a federal inmate currently incarcerated at the Butner Federal Medical Center in Butner, North Carolina, although he was incarcerated at the Federal Correctional Institution at Marianna, Florida at the time he filed this petition.[1] He pleaded guilty in May of 2007 in the Northern District of Texas to violating 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon, with an Armed Career Criminal Enhancement pursuant to 18 U.S.C. § 924(e) (doc. 9, exh. 3). The pre-sentence investigation report ("PSR") reflected that Petitioner, then-Defendant, acknowledged he was appropriately classified as an Armed Career Criminal and subject to an enhanced sentence (doc. 9, exh. 2, ¶ 5). Although Petitioner filed some objections to the PSR, he did not object to the calculation of his sentence or the enhancement (*id.*, addendum). Petitioner was sentenced to a term of 210-months imprisonment (doc. 9, exh. 4 at 4). The Armed Career Criminal

---

[1] The court has ascertained this information on the Bureau of Prisons website, although Petitioner did not file a notice of change of address. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

Act ("ACCA") was again mentioned at sentencing (*id*. at 3). Defendant appealed, and counsel filed a an Anders brief (*see* Anders v. California, 386 U.S. 738 (1967)). The appeal was dismissed as frivolous in May of 2008 (doc. 9, exh. 1, NDTX docs. 39, 40). Petitioner did not file a motion pursuant to 28 U.S.C. § 2255. However, on April 12, 2010, he filed a motion pursuant to 18 U.S.C. § 3582 to correct sentence. In that motion, he alleged that his sentence had been improperly calculated due to the court's consideration of his prior convictions as crimes of violence, and its consideration of his three burglary convictions as separate offenses for enhancement purposes (doc. 9, exh. 1, NDTX doc. 42). The motion was denied after a response by the Government was submitted (*see* doc. 9, exh. 1, NDTX docs. 44, 45). On December 20, 2010, Petitioner filed a motion for reconsideration, alleging that he was actually innocent of being an Armed Career Criminal (doc. 9, exh. 1, NDTX doc. 46), and this motion was denied as well (*id.*, doc. 47). In the instant petition, Petitioner essentially seeks to relitigate the district court's determination that he was subject to the ACCA enhancement.

## Analysis

Petitioner contends that the sentencing court erred by considering his three prior burglary convictions for offenses that took place over a six-day period in 1990 as three separate offenses. He asserts that under § 4A1.2(a)(2) of the Sentencing Guidelines, this conduct should have counted as a single conviction. He also challenges the court's consideration of a November 1994 conviction for "non-aggravated" robbery as a crime of violence, and hence a predicate offense. Petitioner concludes that because of these errors, he is actually and legally innocent of being an Armed Career Criminal. He acknowledges that the time period for filing a § 2255 motion has passed, but he claims that "recent retroactive law establishes that he is actually and factually innocent of the ACCA enhancement in his case."

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising a claim of district court error in sentencing. The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *See* Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)); Broussard v. Lippman, 643 F.2d 1131 (5th Cir. 1981); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008);

Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also* Chambers v. United States, 106 F.3d 472, 474–75 (2d Cir. 1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition). Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and type of detention. *See* Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008). A collateral attack on the validity of a federal conviction and sentence, including the imposition of sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, 542 F.3d at 1351; Jordan, 915 F.2d at 629; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hadjuk v. United States, 764 F.2d 795 (11th Cir. 1985).

Petitioner has not filed a motion under 28 U.S.C. § 2255, and the time for doing so has likely elapsed. This alone does not allow him to proceed under 28 U.S.C. § 2241. Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005); *see also* Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001); United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong means a petitioner's claim fails. *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008). To prove that an

Case 5:11-cv-00084-RH-EMT   Document 16   Filed 04/30/12   Page 4 of 5

Page 4 of 5

offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited. Darby, *supra* (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). Despite his vague reference to "recent Supreme Court decisions," Petitioner's case fails the Wofford test. There is no retroactively applicable Supreme Court decision that establishes that he was convicted of what is now a "non-existent offense."

It is well established that § 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. *See, e.g.*, Wofford, *supra*; Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. Jiminian v. Nash, 245 F.3d 144, 147–48 (2d Cir. 2001); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999). And, section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); Haugh v. Booker, 210 F.3d 1147 (10th Cir. 2000). Thus, the instant petition must be dismissed.[2]

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) be **DENIED and DISMISSED with prejudice.**

---

[2] Because of the court's finding that relief pursuant to § 2241 is unavailable to Petitioner, it need not conduct a detailed "merits review" of his claims. The court does note, however, that Eleventh Circuit case law clearly forecloses Petitioner's argument that the burglary offenses were not properly considered separate offenses. *See, e.g.,* United States v. Davies, 391 Fed.Appx. 822, 825 (11th Cir. 2010) (citing cases); United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006) (robberies committed within two minutes and twenty-five feet of each other constituted separate offenses for purposes of ACCA); United State v. Pope, 132 F.3d 684, 692 (11th Cir. 1998) (burglaries of structures 200 yards apart on same evening were separate offenses for purposes of ACCA); United States v. Owens, 15 F.3d 995, 998 (11th Cir. 1994) (crimes that occurred on different dates supported ACCA enhancement "although they were all resolved in one proceeding").

Case No.: 5:11cv84/RH/EMT

At Pensacola, Florida, this 30th day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**